### LAUGHLIN v. SMITH BROS., Inc.
### (No. 1527.)

Court of Civil Appeals of Texas. Beaumont.
April 8, 1927.

1. **Municipal corporations** ⊚╾485(1)—**Certificates of assessment for street improvement, purporting to be liens with clauses for acceleration and attorney fees, held void (15 Gammel's Laws, p. 569, art. 4, c. 1, §§ 16–19).**

Certificates of assessment by city of Port Arthur for grading and paving streets, providing for lien on assessed property payable with interest and attorney fees and containing acceleration clause, *held* void under charter, 15 Gammel's Laws, p. 569, art. 4, c. 1, §§ 16 to 19, providing for collection through due assessment and collection of taxes.

2. **Appeal and error** ⊚╾909(6)—**Court of Civil Appeals will not presume amendment of city charter provisions expressly pleaded in suit on assessment certificates.**

Court of Civil Appeals will not indulge presumption that charter of city of Port Arthur has been amended, where petition to foreclose assessment certificates expressly pleads charter of 1911.

3. **Municipal corporations** ⊚╾485(1)—**Authority for issuing street improvement assessment certificates must be found in city charter.**

Authority for issuance of certificates of assessment by city of Port Arthur for street improvement must necessarily be found in city charter.

4. **Appeal and error** ⊚╾767(1)—**Court of Civil Appeals will strike brief not filed in time.**

The Court of Civil Appeals on motion will strike brief not filed in time.

5. **Appeal and error** ⊚╾755—**Court of Civil Appeals will review fundamental errors assigned, though appellant's brief stricken.**

The Court of Civil Appeals must review fundamental errors assigned, even though appellant's brief is stricken.

Appeal by Writ of Error from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Smith Bros., Inc., against E. A. Laughlin. Judgment for plaintiff, and defendant appeals by writ of error. Reversed and remanded.

Though this is an appeal by writ of error, the parties will be designated "appellant" and "appellee." Appellee, as the holder of certain certificates, each being designated "city of Port Arthur certificate of special assessment," recovered a judgment by default against appellant for $2,376.59, with foreclosure of the assessment lien which the city of Port Arthur, by certain ordinances, has fixed upon the property of appellant. The record is before us without statement of facts and on assignments and propositions relating only to fundamental error. Appellee pleaded:

"I. That the city of Port Arthur is a city incorporated under and by virtue of a special act of the Legislature of Texas of 1911, entitled, 'An act to incorporate the city of Port Arthur, Jefferson county, Texas, and to grant it a new charter,' and which act was duly approved. That in said special act aforesaid the city of Port Arthur was made a body politic and corporate. That there was created thereby a governing body, consisting of three commissioners, one of whom should be mayor and designated as 'the board of commissioners,' which board of commissioners was granted and delegated certain powers therein enumerated, among others being the right and power to pave, grade, and improve the streets and alleys within said city, and to levy assessments against the abutting property owners for a part of the cost thereof.

"II. That on the 15th day of June, 1911, in pursuance of the said charter, an ordinance was duly passed by the board of commissioners of said city ordering the paving and grading of Seventh street, Sixth street, and Houston avenue, public thoroughfares in said city, and being that part thereof on which defendant's property is situated, * * * and that the sums to be paid by the abutting property owner, in according with what is known as 'front foot plan,' that is to say, in proportion as to frontage improved, should be paid as follows: One-sixth of such amount within 30 days after the completion of said work; one-sixth thereof one year after said date; one-sixth thereof two years after said date; one-sixth thereof three years after said date; one-sixth thereof four years after said date; one-sixth thereof five years after said date—together with interest thereon from date at the rate of 7 per cent. per annum, payable annually, with accelerating maturity clause and reasonable attorney's fees and costs of collection, if collected by suit. * * *"

"IX. Your petitioner would further show to the court that on the 30th day of August, 1922, an ordinance was duly passed by said governing body for the payment of a part of the improvements of said Seventh street, Sixth street, and Houston avenue in said city; also an ordinance was duly passed by said governing body on the 5th day of February, 1923, for the payment of a part of the improvement of West Seventh street in said city and to fix

a charge and lien against the owners of property and the property abutting said streets above mentioned; that in said ordinances or resolutions it was provided that the defendant and his property, as hereinabove described and set out, should be and were assessed the sums hereinabove mentioned, and did order that said sums should constitute a lien against said lots and tracts of land until said sums and all interest thereon were fully paid.

"X. Your petitioner would further show to the court that in compliance with and by virtue of the power expressly given and granted by the charter of said city, the governing body of said city did cause to be issued in the name of said city by its duly authorized officers, those certain certificates evidencing such assessments and liens being designated each 'City of Port Arthur Certificate of Special Assessment' for improvement of Seventh street, Sixth street, Houston avenue, and West Seventh street, said certificates being numbered 76, 78, 81, 220, 434, 435 and 737, and in the amount of $227.05, $227.05, $89.82, $159.56, $664.90, and $227.55, respectively, all payable to Smith Bros., a copartnership composed of F. A. Smith and J. H. Smith, in six equal installments each, in accordance with the resolutions and ordinances above set forth, all bearing 7 per cent. per annum interest from date, payable annually with accelerating maturity clause, and reasonable attorney's fees and costs of collection if collected by suit or otherwise, which said certificates, in accordance with the ordinances of said city with costs of collection and reasonable attorney's fees, was expressly declared to be first paramount liens against said above described premises, except as to lawful and ad valorem taxes, and a personal liability of the owner payable to said Smith Bros., in full compliance with the terms and conditions existing between the said city and said Smith Bros. * * *

"Plaintiff further alleges that in accordance with said certificates and agreements it has exercised its option of declaring all of the installments of said certificates due and payable, and does now declare the same due and payable, and has placed said certificates in the hands of its attorney for collection and suit, and that by reason of the failure and refusal of said defendant to pay said certificates and indebtedness, plaintiff has had to employ attorneys to file suit thereon in order to enforce said lien and to enforce the collection of said certificates and indebtedness, and has promised to pay them reasonable compensation for said services, which plaintiff alleges to be the sum of five hundred ($500.00) dollars; that said indebtedness is secured by the first and superior lien upon said premises."

The charter of the city of Port Arthur, as pleaded by appellee (Gammel's Laws of Texas, vol. 15, p. 569, art. 4, c. 1, §§ 16, 17, 18, and 19), specially provides:

"Street and Sidewalk Improvements.

"Sec. 16. *Payment—Cost.*—At or before the time the contract for the work is awarded, the Commission shall by ordinance or resolution make due and proper provision for the payment of the costs thereof. The amount, if any, to be paid by the city at large, shall be duly appropriated for that purpose out of available funds or resources properly applicable thereto by bond issues or otherwise, and the amount to be paid by the real estate owners within such improvement district, together with all interest that may accrue thereon, and the cost of levying, assessing and collecting taxes on such real estate for the payment thereof, shall be declared a lien upon such real estate, and to be levied, assessed and collected from time to time, according to the assessed value of such real estate, until such amount and all interest thereon shall be fully paid and discharged. In making the assessment and levy on the property in many taxing districts (to pay for local improvements), the assessment and levy shall be in proportion to the value of each parcel of property so assessed, but in no case shall the amount assessed against any property be greater than the amount of increased value, added to the parcel of property so assessed by reason of said improvement.

"Sec. 17. *Improvement Warrants—Issue.*—The city of Port Arthur shall have the right at the election of the commission, and, subject to the provisions of this act, to issue either street improvement district warrants or street improvement district bonds in payment for so much of the cost of the work as may be chargeable against the owners of real estate within such improvement district, or for the purpose of obtaining money to make such payment; and such warrants or bonds may be issued direct to the contractor in payment for the work, or such warrants or bonds may be sold and the proceeds paid to the contractor in payment for the work. Whether bonds or warrants are issued in either event no tax shall be levied for any one year on any real estate within such improvement district for the purpose of paying the same in whole or in part, or any interest thereon, or for the purpose of providing for interest and a sinking fund, which, including all other city taxes, shall exceed 2½ per cent. of the assessed value of such real estate; but for the purpose aforesaid, taxes, including all other city taxes, may be annually levied to an amount not exceeding 2½ per cent. of such assessed value, upon a vote of the qualified taxpayers as provided in this act. When warrants or bonds are issued direct to the contractor they shall be issued in such denominations as the contractor may in writing request.

"Sec. 18. *Bonds.*—Bonds authorized by this act to be issued, shall be payable, principal and interest, at such time and place, and shall bear such rate of interest as the commission may direct. They shall state the purpose for which they were issued and the number of improvement district on account of which they are issued. They shall not be issued until the amount chargeable against the real estate within such improvement district shall be ascertained, and shall not be issued in excess of such amount. Due provision shall be made to assess and collect annually upon and from the real estate within such improvement district a sufficient amount to pay the interest thereon and create a sinking fund of at least 2 per cent. thereon.

"Sec. 19. *Warrants, Series.*—Warrants authorized by this act to be issued may be issued subject to the provisions of this act, in

such denominations and bearing such rate of interest, not exceeding 8 per cent., as the commission may direct. They may consist of different series and such series to mature annually until they all become due. Such series shall be so arranged that so far as practicable in the judgment of the commission, the annual charge for interest and principal shall be approximately the same. Such warrants may be divided into as many annual series as the commission may direct. They shall state the purpose for which they are issued, and the number of the improvement district on account of which they are issued. They shall not be issued until the amount chargeable against the real estate within such improvement district shall be ascertained, and shall not be issued in excess of such amount. Due provision shall be made to assess and collect annually upon and from the real estate within such improvement district, a sufficient amount to pay the principal and interest on such warrants as they mature, which amount shall be not less than sufficient to pay the interest and at least 2 per cent. of the total principal of said warrants. Such bonds or warrants shall be in such form as the commission may approve or direct, subject to the provisions of this act, and shall be signed by all the commissioners and attested by the seal of said city, and shall be assignable, negotiable and collectable in all respects as other valid obligations of the city."

Oliver J. Todd, A. D. Moore, and C. S. Pipkin, all of Beaumont, for plaintiff in error.

Dycus & Young, of Port Arthur, for defendant in error.

WALKER, J. (after stating the facts as above). [1-3] From the quoted sections of the charter of the city of Port Arthur, the city had no authority to issue the certificates sued on in this case. From the terms of the charter itself it is clear that the certificates provided for therein could be collected only through the due assessment and collection of taxes, which, as appellee's petition discloses, were not the conditions of the certificates herein involved. It may be that the charter of the city of Port Arthur has been amended since 1911, but no such presumption can be indulged against the allegations of this petition, for the charter of 1911 is specially pleaded as the authority for these certificates and as the source of the lien as foreclosed. The authorities for the involuntary obligation sued upon here must necessarily be found in the provisions of the city charter, and, as the petition on its face directly excludes the authority under which these certificates were issued, they are void on the face of the petition and constitute neither a personal obligation against appellant nor a lien on his property.

[4, 5] Appellant has questioned the sufficiency of the petition in other respects, but, as these objections may and should be met upon another trial, we do not further discuss them. Appellee has moved to strike out appellant's brief on the ground that it was not filed in time. This motion is well taken, and the brief is accordingly stricken. But, since the assignments go to the very foundation of the judgment rendered and are fundamental in their nature, the errors assigned must be reviewed. Reversed and remanded.